# MARCILIO ZENO SAMA

*v.*

# SAN JUAN LIGHT & TRANSIT CO.

San Juan, Law, No. 408.

### PERSONAL INJURY.

1. No presumption of negligence arises from the fact of the injury, under the facts of this case.
2. It is negligence for the employees of a street car company to suddenly start a car while a passenger is in the act of alighting.
3. A passenger who alights from a street car while it is in motion is negligent, and cannot recover if injured.
4. If a passenger alights from a car safely, and afterwards trips and falls, the defendant company is not responsible for the injuries sustained by him.

Case tried April 12, 1907.

*Messrs. Pettingill & Leake,* attorneys for plaintiff.

*Mr. Henry F. Hord,* attorney for defendant.

Instructions by RODEY, Judge:

### Statement.

The facts in this case were simple. The proofs tended to

Sama v. San Juan Light & T. Co.

show that plaintiff was a passenger on defendant's street car, and that, when approaching one of the stops, he came out to the step of the platform, preparatory to alighting. That when the car stopped, he proceeded to alight, but, before his foot touched the ground, and without giving him reasonable time to alight, the car was started suddenly, and threw him forward, so that he fell against the pickets of a nearby fence and severely injured his nose. The evidence was very conflicting as to whether or not he was thus injured by the sudden starting of the car or by a mere independent fall on the ground after he had safely alighted without injury. The remaining facts can be gathered from the instructions.

RODEY, Judge, omitting some of the formal parts, gave the following instructions to the jury:

This suit is filed by the plaintiff under a law of Porto Rico that states: "A person who, by an act or omission, causes damage to another when there is fault or negligence, shall be obliged to repair the damage so done;" and under other provisions of law, providing that the owners of enterprises shall be liable for the carelessness of their agents and servants. The plaintiff states in his complaint that the accident occurred because, although the car had momentarily stopped, and he was about to step to the ground, the motorman suddenly started it so violently as to cause him to fall and injure himself in the manner shown by the evidence. Plaintiff asks for $10,000 damages. The court instructs you that simply because this plaintiff was injured is not evidence that the defendant company is liable in any damage.

The court instructs you that the burden is upon the plaintiff

Sama v. San Juan Light & T. Co.

to prove, by a preponderance of the evidence, that the defendant is responsible for the accident that happened to him; and, unless you so believe, you must find a verdict for the defendant. If you believe, from a preponderance of the evidence, that the plaintiff was a passenger on said car, and proceeded to the step, ready to get off onto the ground, as the car was slowing down, and that, while he stood in that position, about to step off on the ground, the car, without giving him a reasonable time to alight, was so suddenly started by the servants of the defendant company, and that, in consequence thereof, the plaintiff fell and was injured, then you should find for the plaintiff, and fix his damages at any reasonable amount, within the amount claimed, that you may think the evidence warrants.

If you believe from the evidence that the plaintiff got off the car while it was still in motion, and, by reason of that fact, was thrown to the earth and injured, then the court instructs you that, under the evidence, the defendant is not responsible for the injury to him, and you should find a verdict for the defendant.

If you believe from the evidence that the plaintiff got off the car while it was in motion, or even after it had stopped, and simply tripped on the ground after safely alighting, and fell and injured himself, then you must find for the defendant, as it is not responsible for the injury in such a case.

The main issue in this case is whether or not the car in question was started violently in the manner spoken about, and that such fact caused the injury. Otherwise there is no testimony in this case that would warrant a recovery on any other ground. And you must believe, by a preponderance of the evidence, that this was the proximate cause of the injury, or else you must find for the defendant.

If the jury should believe that the evidence is evenly balanced, they must find for the defendant, as the law does not permit them to take any person's property and give it to another in such a case as this, save as a result of a case proved by a preponderance of the evidence.

Verdict for the plaintiff for $500.